OPINION — AG — (1) THE PAYMENT OF LESS THAN THE AMOUNT OF TAXES PROPERLY DUE ON PARTICULAR REAL ESTATE DOES NOT OPERATE TO DISCHARGE OR EXTINGUISH THE " PERPETUAL LIEN FOR TAXES ". AS APPLIED TO YOUR SECOND QUESTION, THIS CONCLUSION MEANS THAT ACCEPTANCE BY THE COUNTY TREASURER OF A TENDERED PAYMENT OF TAXES ON CERTAIN REAL ESTATE UPON WHICH A HOMESTEAD EXEMPTION HAS BEEN UNLAWFULLY ALLOWED DOES NOT OPERATE TO DISCHARGE OR EXTINGUISH THE " PERPETUAL LIEN FOR TAXES " ON SAID REAL ESTATE INSOFAR AS THE EXEMPTION IS CONCERNED, AND SUCH PAYMENT WOULD CONSTITUTE ONLY A PARTIAL PAYMENT OF THE TAXES PROPERLY DUE ON SAID REAL ESTATE. (2) IF THE COUNTY TREASURER BECOMES AWARE OF THE FACT THAT AN INDIVIDUAL HAS BEEN ALLOWED TWO HOMESTEAD EXEMPTIONS, HE DOES NOT HAVE THE DUTY, NOR IS HE AUTHORIZED TO MAKE ANY CHANGE IN THE TAX ROLLS AS CERTIFIED AND DELIVERED TO HIM BECAUSE OF THE IRREGULARITY. TO HOLD OTHERWISE WOULD BE TO PLACE A DUTY IN THE ABSENCE OF STATUTE ON THE COUNTY TREASURER. (3) THE COUNTY IS SUCH A " PERSON " (25 O.S.H. 6) WHO HAS AN INTEREST IN ERRORS IN THE TAX ROLLS AS TO BE AUTHORIZED TO FILE SUCH AN APPLICATION WITH THE BOARD OF TAX ROLLS CORRECTIONS MAKING APPROPRIATE ALLEGATIONS. ORDINARILY, THE BOARD OF COUNTY COMMISSIONERS WOULD TAKE SUCH ACTION WITH THE ASSISTANCE OF THE COUNTY ATTORNEY AS THEIR LEGAL ADVISOR. CITE: 68 O.S.H. 33, 68 O.S.H. 184(D), 68 O.S.H. 201, 68 O.S.H. 353, 2 O.S.H. 293, 68 O.S.H. 15.20, 68 O.S.H. 15.21, 68 O.S.H. 15.53, 68 O.S.H. 15.55, 68 O.S.H. 15.58, 68 O.S.H. 60, 68 O.S.H. 45 (JAMES P. GARRETT)